UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN BROOKS, 474611,

      Petitioner,

v.                                              Case No. 2:08-CV-13188
                                                  Honorable Gerald E. Rosen
                                                  Magistrate Judge Donald A. Scheer

THOMAS K. BELL,

      Respondent.

_____/

**ORDER DENYING PETITIONER'S "MOTION TO STAY AND ABEYANCE"**

      Julian Brooks ("Petitioner"), presently confined at Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); assault with intent to rob while armed, § 750.89; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Petitioner was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to life imprisonment for the murder conviction, two hundred ten months to seventy years for the assault conviction, and two and one half years to ten years for the felon in possession conviction,

to be served concurrently, but consecutive to the two year term of imprisonment for the felony firearm conviction.

Now pending before the Court is Petitioner's "Motion to Stay and Abeyance," filed over one year after his habeas petition was filed with the Court. For the reasons that follow, the Court will deny Petitioner's motion.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Brooks,* No. 266082, 2007 WL 1138490 (Mich. Ct. App. April 17, 2007); lv. den. 480 Mich. 890; 738 N.W. 2d 722 (2007). The habeas petition before the Court raises the following claims:

> I. The convictions and sentences for both felony-murder and the underlying felony, assault with intent to commit armed robbery are violative of double jeopardy protections.
>
> II. Mr. Brook[s] was denied his Sixth Amendment Right to a fair trial by impartial jury and his Fourteenth Amendment right to due process by the admission of evidence that he had previously pleaded guilty to this offense and had other criminal convictions.
>
> III. Defendant-Appellant was denied his IV AM US constitutional right to be free from unreasonable arrests, searches and seizures where [the] arresting officer did not have probable cause to arrest Defendant-Appellant who was merely turning himself in for questioning. The use of evidence should have been suppressed as an illegal arrest in violation of his state and federal constitutional rights[;] also where the trial court erred in denying the motion to quash the case, again violat[ed] Defendant-Appellant's right to be free from unreasonable arrest, searches and seizures.

Petitioner completed his direct appeals in the state courts on September 24, 2007.

He filed his habeas petition in this Court on July 21, 2008.[1] Respondent filed its answer on February 20, 2009. Respondent argues that: Petitioner's double jeopardy claim is moot; his second habeas claim is a question of state evidentiary law which is not cognizable on habeas review; and Petitioner's Fourth Amendment challenge is also not cognizable on habeas review.

## II. Discussion

In his motion, Petitioner explains that he wants the Court to hold his habeas petition in abeyance because of a letter, dated March 3, 2009, he received from the State Appellate Defender's Office (SADO). (Mot. attach. at 1). The letter informs Petitioner that an investigation of the Detroit Crime Lab "revealed a 10% error rate in ballistics evidence, a 50% error non-compliance rate with evaluation criteria, and questions implicating the entire crime lab." *Id.* The letter further states:

> ***We do not know how far back in time these errors may extend***. For now, until we better understand the dimensions of the problems, we are intensely reviewing all cases for the last 5 years and any cases prior to that where it looks like something might be wrong. Lest we miss something, we want to probe your memory of what happened in your case.

*Id.* (emphasis added).

Petitioner states that his basis for seeking a stay of habeas proceedings is premised upon "the [Detroit Crime Lab] investigation [which] ***could*** produce exculpatory evidence that would be useful in Petitioner's case." (Mot. at 1) (emphasis added). Petitioner admits that "***[i]t has not been determined if the Detroit Crime Lab engaged in any misconduct***

---

[1] Under the prison mailbox rule this Court assumes that Petitioner actually filed his habeas petition on the date that it was signed and dated. *Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004). The habeas petition was received by the Court on July 24, 2008.

*in petitioner's case at this time*."  (Mot. Brief at 3) (emphasis added).

Based upon this information, Petitioner seeks to hold this habeas action in abeyance pending the results of SADO's investigation. Petitioner asserts that it would be a miscarriage of justice if his request for a stay is denied.

A dismissal of this action pending SADO's investigation could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). In light of this dilemma, courts are not precluded from:

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, are "available only in limited circumstances," such as:

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v.*

*Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. at 277-78. After reviewing the premise upon which a stay of proceedings is appropriate, the Court denies Petitioner's motion for several reasons.

First, essentially, Petitioner is asking the Court to stay these proceedings indefinitely while SADO conducts an investigation into each criminal matter they have handled over the past five years involving crime lab evidence processed by Detroit Crime Lab personnel. The Court allowing such an open ended delay in this case completely defeats the purpose of the time parameters imposed by the AEDPA. See 28 U.S.C. § 2244(d). As set forth above, although issuing a stay of proceedings is within this Court's discretion, it is only to be granted in "limited circumstances." Petitioner has not demonstrated that his situation qualifies as such a circumstance.

Second, Petitioner's basis upon which to stay these habeas proceedings is completely speculative. Not only is it not certain that the Detroit Crime Lab committed any errors in processing the evidence in Petitioner's criminal case, Petitioner has not raised one claim that is remotely related to any irregularity in the admission or validity of any forensic or ballistic evidence; nor how that evidence implicated Petitioner in the victim's murder.

Third, in Petitioner's case, there was no fingerprint evidence connecting Petitioner to the victim's murder, nor were there any weapons or bullets found at the crime scene or on Petitioner's person. (Tr., 9/6/05, Vol. I, at 177-78). Photographs and sketches were taken and drawn, respectively, at the crime scene, and the evidence technicians testified at trial based upon that evidence and reports they prepared. (*Id.* at 127, 137, 155, 181; Tr., 9/7/05, Vol. II, at 150). The only ballistic evidence was a bullet and a bullet fragment

5

retrieved from the victim's body by the medical examiner. That evidence did not connect Petitioner to the victim's murder, but was used to show that the bullet wounds were the cause of the victim's death. (Tr., 9/7/05, Vol. II, at 105-10). The evidence implicating Petitioner in the victim's death was not generated by Detroit Crime Lab employees. The incriminating evidence included: eyewitness testimony, a 911 tape recording, testimony from the investigating officers, and Petitioner's own admissions. Therefore, Petitioner has failed to show how the actions of the evidence technicians in this case, or the actions of any other employee with the Detroit Crime Lab justifies staying these proceedings, when the Detroit Crime Lab was not involved in processing any ballistic or forensic evidence which implicated Petitioner in the victim's murder.

Fourth, each of the issues presented in Petitioner's habeas petition are exhausted; and Petitioner has not identified any claims that he seeks to exhaust for purposes of supplementing his habeas petition. Therefore, the Court is not in a position to assess the merit of any unexhausted claims. Petitioner has failed to present a procedural basis to stay these proceedings.

Fifth, upon examining the claims Petitioner has raised for habeas review, it does not appear that they are meritorious. His double jeopardy claim was resolved by the Michigan Court of Appeals when it vacated Petitioner's conviction for the underlying predicate felony (assault with intent to rob while armed). Therefore, this claim appears to

be moot. Petitioner's second and third claims involve a state evidentiary issue and a Fourth Amendment claim, respectively, which generally are not meritorious on habeas review.

Finally, Petitioner has failed to demonstrate any "good cause" to hold this case in abeyance. Petitioner's argument is purely based upon the ***chance*** that the Detroit Crime Lab ***may have done*** something improper when processing the evidence in his case. However, as previously stated, even if the crime lab evidence was erroneously processed, there has been no showing of how such an error would have negatively impacted Petitioner's case, warranting a stay of these proceedings.

Despite, the Court's unwillingness to order a stay of this matter, Petitioner is free to pursue whatever state court remedies he wishes in an effort to exhaust new claims and to file, when and if necessary, a motion to amend his petition to add any newly exhausted claims or newly exhausted facts or discuss newly discovered evidence. Should SADO uncover new exculpatory evidence through its investigation after this matter has been terminated, Petitioner is able to present the new evidence in a motion to the United States Court of Appeals for the Sixth Circuit and request permission to file a successive habeas petition. 28 U.S.C. §2244(b)(2)(B).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Stay and Abeyance" [Dkt. # 10] is **DENIED.**


           s/Gerald E. Rosen
           Chief Judge, United States District Court

Dated: October 16, 2009


### CERTIFICATE OF SERVICE

I hereby certify that on ___October 16, 2009___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ___Jeffrey W. Caminsky; B. Eric Restuccia___, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
Julian Brooks, #174611, Ionia Maximum Correctional Facility, 1576 West Bluewater Hwy., Ionia, MI 48846.

           s/Ruth A. Brissaud
           Ruth A. Brissaud, Case Manager
           (313) 234-5137